

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| ED COLLINS,<br>**Plaintiff,**<br><br>v.<br><br>MIKE GARMAN, et al.,<br>**Defendants.** | CIVIL ACTION NO. 07-2370 |

## MEMORANDUM AND ORDER

**Katz, S.J.**                                                **September 19, 2007**

Before the court are Defendants' "Motion for Change of Venue" (Document No. 7), and Plaintiff's response thereto (Document No. 10). For the following reasons, Defendants' motion is granted.

## I. Background

Plaintiff is a African-American male previously employed at the Pennsylvania Department of Revenue ("DOR") in Harrisburg, Pennsylvania. (Compl. ¶ 1-2) Plaintiff alleges that the DOR and some of his fellow employees, herein named as individual defendants,[1] engaged in continuous and systematic discrimination in training, discipline, and equal opportunities because of his race.

---

[1]Individual Defendants Mike Garman, James Honchar, Earl Crago, Thomas Scott, Joseph Craigwell, Molly Leach, Kimberly Glaser, Julia Sheridan, Barry Drew, Brian Williams, Geraldine St. Jean, Gregory Fajt and Paul Sload are all current or former employees of the DOR. (Amended Compl. ¶ 3.)

(Compl. ¶ 7.)  He also alleges that the DOR and its employees created a hostile work environment, in addition to retaliating against him for filing a complaint in protest of DOR's allegedly discriminatory practices.  (Compl. ¶ 8.)

Plaintiff also alleges that after he complained to the Office of the Inspector General ("OIG"),[2] OIG then conspired with other defendants to further discriminate against Plaintiff.  (Compl. ¶ 51.)  Finally, Plaintiff alleges that the Office of the Attorney General ("OAG") conspired with the union, the DOR, and the arbitrator who ruled against Plaintiff (Defendant Jane Minnich) to deny Plaintiff his rights.  (Compl. ¶ 50.)

Plaintiff asserts claims under Title VII (42 U.S.C. § 2000); 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986; the First and Fourteenth Amendments to the Constitution of the United States of America; and the Pennsylvania Human Relations Act.  (Compl.  ¶ 5.)

A majority of the defendants have filed a motion to transfer this action,[3]

---

[2]Plaintiff mentions individual Defendant Donald Patterson in connection with the OIG.

[3]This motion was filed by the OAG, which currently represents all of the defendants, except Defendants Craigwell, Leach, Jones, and Minnich.  According to the OAG, it has not been verified if Defendants Craigwell, Leach and Jones have yet been served with a copy of Plaintiff's complaint.  However, as they are present or former employees of the Commonwealth of Pennsylvania, they could eventually be represented by the OAG as well.  However, Defendant Minnich is not and has never been an employee of the Commonwealth; thus, she will not be represented by the OAG.

2

claiming that venue is proper in the Middle District of Pennsylvania ("Middle District"), rather than in the Eastern District of Pennsylvania ("Eastern District"). *See* Brief in Support of Commonwealth Defendants' Motion for Change of Venue, *Collins v. Garman*, No. 07-2370 (E.D.Pa. Sept. 5, 2007) ("Def.'s Br.").

## II. Legal Standard

Typically, 28 U.S.C. § 1391(b) governs venue in a civil action where jurisdiction is not founded solely on diversity of citizenship.  Under § 1391(b), a suit can be filed in (1) any judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

However, Title VII contains an exclusive venue provision, allowing a Title VII case to be brought only in a district where (1) the allegedly unlawful employment practice was committed; (2) the relevant employment records are maintained and administered; (3) the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) the defendant's principal office is situated, if the action may be brought in no other district. *See* 42 U.S.C. § 2000e-5(f)(3).  This provision renders the general venue provision of 28 U.S.C. §

3

1391 inapplicable to claims under Title VII. *See id.*; *Trawick v. Harvey*, No. 06-1937, 2006 WL 2372241, at *1 (E.D.Pa. Aug. 15, 2006).

Venue must be "proper for each claim in a case with multiple claims." *Lomanno v. Black*, 285 F.Supp.2d 637, 641 (E.D.Pa. 2003) (internal citations omitted). Venue disputes are governed by either 28 U.S.C. § 1404(a) or by 28 U.S.C. § 1406(a). § 1404(a) provides for transfer when both the original and requested venues are proper, yet "the convenience of parties and witnesses" and "the interest of justice" favor the requested venue over the original one. 28 U.S.C. § 1404(a). Although it is within the discretion of the district courts to decide a motion to transfer under § 1404(a) "based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted." *Lomanno*, 285 F.Supp.2d at 643.

In contrast, § 1406(a) only applies where the original venue is improper. Under § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If venue is improper, the district court has limited discretion; it can either dismiss the claim or transfer it to a district in which it could have originally been brought. *Id.* However, the court must do one or the other. *Id.*

4

Under either § 1404(a) or § 1406(a), the burden is on the moving party to establish that the transfer is warranted. *See Connors v. R & S Parts Servs., Inc.*, 248 F.Supp.2d 394, 396 (E.D.Pa. 2003) (holding that "the burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer); *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-5 (3d Cir. 1982) (holding that "the defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss" under § 1406(a)).

## III. Discussion

The Eastern District is not the proper venue for Plaintiff's Title VII claims. Instead, Plaintiff's Title VII claims should be transferred to the Middle District under § 1406(a).  Moreover, although venue may be proper for the remainder of Plaintiff's claims, these claims should also be transferred to the Middle District under § 1404(a).

### A.   Plaintiff's Title VII Claims Should Be Transferred to the Middle District Under § 1406(a).

Under the exclusive venue provision of Title VII, venue in the Eastern District is improper, thus necessitating a transfer to the Middle District under § 1406(a).

As outlined above, Title VII claims can be brought only in a district where

(1) the allegedly unlawful employment practice was committed; (2) the relevant employment records are maintained and administered; (3) the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) the defendant's principal office is situated, if the action may be brought in no other district. *See* 42 U.S.C. § 2000e-5(f)(3).

Here, Plaintiff's employment was in and would have continued to be in Harrisburg. All incidents relating to Plaintiff's grievances and subsequent termination occurred in Harrisburg. Finally, the employment records for Commonwealth of Pennsylvania employees working in the state capitol of Harrisburg are in Harrisburg as well. Thus, the Eastern District fails to meet any of the Title VII prerequisites for venue, requiring that Plaintiff's Title VII claims be either dismissed or transferred. *See* 28 U.S.C. § 1406(a). However, "dismissal is a disfavored remedy because of the strains it imposes on judicial and party resources." *Knight v. Corp. for Nat'l and Community Servs.*, No. 03-2433, 2004 WL 2415079, at *6 (E.D.Pa. Oct. 28, 2004); *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

Harrisburg, located in the Middle District[4], is at the center of Plaintiff's Title VII claims. Unlike the Eastern District, the Middle District satisfies the

---

[4]Harrisburg is located in Daulphin County, which is a part of the Middle District.

venue requirements of Title VII.  Plaintiff alleges that he suffered discrimination in Harrisburg, and that but for the discrimination, he would still be working there. Thus, transfer of Plaintiff's Title VII claims to the Middle District is proper, as Plaintiff's Title VII claims could have originally been brought therein.

> B.    The Remainder of Plaintiff's Claims Should Also Be Transferred to the Middle District Under § 1404(a).

Although Defendants do not establish that venue in the Eastern District is improper, transfer of Plaintiff's remaining claims to the Middle District is still warranted under § 1404(a).

In the absence of exclusive venue provisions, venue for the remainder of Plaintiff's claims is analyzed under the § 1391(b) framework.  Under § 1391(b), claims resting on federal question subject matter jurisdiction may be brought in any district (1) where any defendant resides, if all defendants reside in the same State; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) in which any defendant may be found, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b).

All of the events giving rise to Plaintiff's claims occurred in Harrisburg, within the ambit of the Middle District.  Plaintiff admits to the primacy of Harrisburg to his case, calling it "a public corruption case in...[the] Middle

District." Brief in Support of Plaintiff's Motion to Object to Defendants Motion

for Change of Venue at 2, *Collins v. Garman*, No. 07-2370 (E.D.Pa. Sept. 18,

2007) ("Pl.'s Br."). Thus, the only remaining scenario in which venue could be

proper in the Eastern District requires that all of the Defendants reside in

Pennsylvania, and at least one resides in the Eastern District.

Defendants' motion makes clear that all those represented by the OAG

reside in the Middle District and Defendant Minnich resides in the Western

District of Pennsylvania[5]. (Def.'s Br. at 2)  However, the motion is silent as to the

remaining unrepresented defendants, including Defendants Craigwell, Leach and

Jones. Thus, Defendants do not carry their burden to establish that venue is

improper.

Yet even if venue is proper, transferring Plaintiff's remaining claims to the

Middle District is still warranted under § 1404(a). In accordance with § 1404(a),

the court is required to conduct a balancing test and weigh a number of factors in

deciding whether "the interests of justice [would] be better served by a transfer to

a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.

---

[5]According to Defendants, Defendant Minnich resides in Pittsburgh, which is in the Western District of Pennsylvania. It should be noted that Defendant Minnich has not filed anything with the court denying or upholding this statement. However, as the court is transferring the remainder of Plaintiff's claims under § 1404(a) instead of § 1406(a), this incertitude is irrelevant.

1995) (internal citations omitted).

Courts have not limited their consideration to the three enumerated factors in § 1404(a), namely convenience of the parties, convenience of witnesses, and in the interests of justice. *Id.* Courts have also considered a wide range of "private and public interests protected by the language of § 1404(a)" as well. *Id.*

The private interests include (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that the same could not be produced in the alternative forum. *Id.* (internal citations omitted).

Courts have also considered public interests, such as (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-880 (internal citations omitted).

9

The centrality of Harrisburg to this case underlines the desirability of transferring this action to the Middle District of Pennsylvania. Given their motion, most of the defendants have made clear that they prefer to litigate in the Middle District. Moreover, not only do a majority of Defendants reside in Harrisburg, but Plaintiff himself also lists a Harrisburg address. Finally, all of the events giving rise to this suit occurred in Harrisburg.

In fact, the sole factor weighing against the transfer of this action is Plaintiff's expressed preference for the Eastern District, as manifested in his original choice. This court acknowledges the great deference this preference should be accorded. *Jumara*, 55 F.3d at 880. Moreover, Plaintiff asserts that the Middle District "consistently serves as a rubber stamp for Commonwealth/State actions" and that the district is "so corrupt that Plaintiff CANNOT have a fair trial." (Pl. Br. at 4) However, beyond this unsupported allegations, Plaintiff asserts no other reason why his preference should prevail, in spite of the overwhelming weight of the private interests favoring the transfer to the Middle District.

Furthermore, an analysis of the public interests also weighs heavily in favor of a transfer to the Middle District. In order for the Eastern District to retain jurisdiction over Plaintiff's remaining claims, those claims would have to be

10

severed from Plaintiff's Title VII claims. The Third Circuit has stated that a court "should not sever [claims] if...partial transfer would require the same issues to be litigated in two places." *Sunbelt Corp. v. Noble Denton & Assocs., Inc.*, 5 F.3d 28, 33 (3d Cir. 1993) (internal citations omitted). Moreover, when venue is improper as to Title VII claims, "federal courts have consistently transferred the entire case to an appropriate venue, instead of splitting the case apart." *Trawick*, 2006 WL 2372241, at *1 (internal citations omitted). Thus, it is in the interests of judicial economy and efficiency to transfer this action to the Middle District. Moreover, as a controversy local to Harrisburg, there is a local interest in deciding it at home in the Middle District.

Thus, even though venue for the remainder of Plaintiff's claims may be proper in the Eastern District, a balancing of the private and public interests under § 1404(a) move this court in its discretion to transfer Plaintiff's remaining claims to the Middle District.

### IV. Conclusion

Under the exclusive venue provision of Title VII, venue in the Eastern District is not proper for Plaintiff's Title VII claims. Thus, under § 1406(a), this court will transfer those claims to the Middle District of Pennsylvania, where the action could have originally been brought.

11

Under § 1391(b), venue may lay in the Eastern District for the remainder of Plaintiff's claims.  However, considering the centrality of Harrisburg to Plaintiff's suit, as well as the required transfer of Plaintiff's Title VII claims, it is well within this court's discretion under § 1404(a) to transfer Plaintiff's claim in its entirety to the Middle District.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ED COLLINS,**<br>    **Plaintiff,**<br><br>    v.<br><br>**MIKE GARMAN, et al.,**<br>    **Defendants.** | **CIVIL ACTION NO. 07-2370** |

## ORDER

**AND NOW,** this 19th day of September, 2007, upon consideration of Defendants' "Motion For Change of Venue" (Document No. 7) and Plaintiff's responses thereto, it is hereby **ORDERED** as follows:

  1.  Defendants' motion is **GRANTED**; and

  2.  This case is transferred to the United States Court for the Middle District of Pennsylvania.

                            **BY THE COURT:**

                            _____
                            **MARVIN KATZ, S.J.**